**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **HAROLD C. LINDSEY**                        )<br>**6622 Mastbrook Drive**                       )<br>**Fort Washington, Maryland 20744**             )<br>                                                )<br>        **Plaintiff,**                         )<br>                                                )<br>v.                                              )     Case No.: _____<br>                                                )<br>**DISTRICT OF COLUMBIA,**                       )<br>Serve: Honorable Adrian Fenty, Mayor            )<br>        c/o Tabitha Braxton, Staff Assistant, or )<br>            Gladys Herring, Executive Assistant )<br>1350 Pennsylvania Avenue N.W.                   )<br>Washington, D.C. 20001                          )<br>                                                )<br>Serve: Office of the Attorney General           )<br>        c/o   Darlene Fields, Secretary, or     )<br>              Tonia Robinson, Legal Assistant,  )<br>              or Gale Rivers, Secretary         )<br>444 4th Street N.W. 6th Floor South             )<br>Washington, D.C. 20001                          )<br>                                                )<br>**and**                                         )<br>                                                )<br>**CHIEF OF FIRE AND EMERGENCY**                 )<br>**MEDICAL SERVICES - DENNIS L. RUBIN**          )<br>**District of Columbia Fire & EMS Department**  )<br>**1932 Vermont Avenue N.W.**                    )<br>**Washington, D.C.  20001**                     )<br>                                                )<br>        **Defendants.**                         )| |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

COMES NOW the Plaintiff, Harold C. Lindsey, by and through counsel, DUBOFF & ASSOCIATES, CHARTERED and Donna Williams Rucker, Esquire, and sues the Defendant, District of Columbia and Chief of Fire and Emergency Medical Services, Dennis L. Rubin, and in support therefore, states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the Court is proper pursuant to The Age Discrimination in Employee Act of 1967, 29 U.S.C. §§ 621-634 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000(e) et seq. Venue is appropriate and based on the fact that the actions complained of are the result of actions and employment practices of Defendant District of Columbia and District of Columbia Fire and Emergency Medical Services Department occurring within the District of Columbia.

2. The State claims are proper under the theory of Supplemental Jurisdiction. Venue is proper as the events described herein occurred in the District of Columbia.

3. Plaintiff, Harold C. Lindsey (hereinafter "Lindsey"), timely filed a complaint with the Equal Employment Opportunity Commission. Plaintiff files this civil action timely and in accordance with the authority noted in his Dismissal and Notice of Rights received on or about August 2nd, 2007. (See Exhibit "A").

4. Plaintiff Lindsey brings this action pursuant to the Age Discrimination in Employment Act for discrimination on the basis of his age (47 years).

## PARTIES

5. Plaintiff Lindsey is a resident of Prince George's County, in the State of Maryland.

6. Defendant District of Columbia is a municipal corporation empowered to sue and be sued and is the governmental entity that subjected Lindsay to discrimination.

7. Upon information and belief Defendant District of Columbia Fire and Emergency Medical Services Department is empowered to sue and be sued and is the entity that subjected Lindsay to discrimination.

8. Defendant Dennis L. Rubin is the Chief of Fire and Emergency medical Services for the District of Columbia and he was aware of and condoned the actions complained of herein.

## FACTS

9. Plaintiff incorporates by reference thereto the information, facts and/or allegations contained in the preceding paragraphs as if fully set forth herein and further alleges:

10. Plaintiff Lindsey began working for the Defendant Fire and EMS Department in November of 1979 as a firefighter. In 1989 he was promoted to Inspector, in 1991 he was promoted to Fire Inspector and was subsequently promoted to the rank of Sergeant in January, 2001.

11. Plaintiff at all relevant times was over the age of 40.

12. Plaintiff Lindsey had received extensive training in the area of Fire and Arson Investigation. He was nationally certified as an Explosive Fire and Arson Investigator and had testified as an expert in a number of criminal trials.

13. At the time he was removed as the Handler, Plaintiff Lindsey was the only member of the Defendant Fire Department to be certified to work, in conjunction with his trained dog, as an Accelerant Detection Canine Team, and he was successfully performing his job duties.

14. Certification as an Accelerant Detection Canine Team required substantial training and work on the part of the Plaintiff Lindsey, and a period of training, and more importantly, bonding with his canine partner.

15. Individuals are not certified alone; they are certified as part of team that includes the handler and his dog. At the time Plaintiff was removed as the handler no other member of the Defendant Fire Department was trained or certified to work in this field.

16. During the time that Plaintiff was attempting to retain his position as the Handler, Plaintiff Lindsey received no written performance evaluations, however, his immediate superior told him that his work was good.

17. On or about February 6th, 2001 the Plaintiff was suddenly, and without warning, removed from his position as a Sergeant in the Fire/Arson Investigation Unit.

18. On or about February 6th, 2001 Plaintiff Lindsey's police powers were revoked, and the Defendant Fire Department confiscated the Accelerant Detection Canine, Taz.

19. Plaintiff was informed that he could not be a Sergeant as well as the Accelerant Canine Detection Handler.

20. The Accelerant Canine position and Taz, the certified accelerant canine, were given to Mr. DeSilva.

21. Upon learning that the canine had been removed from Sergeant Lindsay, FSI, the Company that certified Taz and plaintiff as an Accelerant Canine Detection Team, told the Fire Department, upon learning that Taz had been transferred to DeSilva that Plaintiff and Taz were certified as a team and breaking up the canine and handler would nullify the certification.

22. FSI further informed the Defendant Fire Department "we would have strongly advised against the splitting of a properly certified scent detection team."

23. FSI officially de-certified plaintiff and Taz after the Fire Department removed Plaintiff as the Fire Department's canine handler and gave Taz to DeSilva.

24. Taz's performance dropped, resulting in the dog being given away as a house pet because he was no longer able to perform the functions he had once been trained to perform.

25. Mr. DeSilva was provided with a new canine named Penny.

4

26. The Defendant Fire Department sent Mr. DeSilva for training and certification as an Accelerant Canine Detection Handler.

27. Upon information and belief Mr. DeSilva was removed from his position as Accelerant Canine Handler in November or December of 2005.

28. Upon information and belief Penny was decertified.

29. After Mr. DeSilva was removed as the Handler Sergeant Proctor was given provided a new canine named Sparky.

30. Defendant Fire Department appointed Sergeant Proctor as the Accelerant Canine Detection Handler without advertising the position.

31. Sergeant Proctor the newly appointed Handler was a Sergeant in direct contravention of the reasons Plaintiff was removed as the Handler.

32. After his appointment, the Defendant Fire Department sent Sergeant Proctor for training and certification as an Accelerant Detection Canine Handler where he was paired with Sparky.

33. With Sergeant Proctor as one dog Handler, the Fire Department placed a vacancy announcement for the position of "Fire/Arson Investigator, Armed/Canine Handler".

34. The Fire Department placed a Vacancy Announcement for the position of "Fire/Arson Investigator, Armed/Canine Handler" with an effective date of December 1, 2006 through expiration date December 15, 2006 wherein it stated under eligibility "Members of the Department below the rank of Sergeant, with (5) years accredited service with DCEMS".

35. The Fire Department than placed a white individual, named Mr. Scott Wilson into the position as an Accelerant Detection Canine Handler.

36. Upon information and belief Mr. Wilson is under the age of 40.

5

## COUNT I
## (AGE DISCRIMINATION)

37. Plaintiff incorporates by reference thereto the information, facts and/or allegations contained in the preceding paragraphs as if fully set forth herein and further alleges:

38. The Defendant Fire Department allegedly removed plaintiff from his position as Accelerant Detection Canine Handler, as the Defendant maintained that Plaintiff as the Handler, could not be a Handler as well as a Sergeant.

39. On numerous occasions in 2000 and 2001, Plaintiff Lindsey, and other members of his unit heard their immediate supervisor, Captain Fleming, make remarks to the effect that he wanted to bring in younger members of the Firefighting Division to replace members of the Fire/Arson Investigative Unit.

40. Plaintiff was removed from his position even after Forensic and Scientific Investigations, the organization that certifies Accelerant Detection Teams, notified Defendant Fire Department that it strongly advised against the splitting of a properly certified scent detection team.

41. As a result of the Fire Department's actions, the certifying company decertified the dog and Plaintiff Lindsey, which for a time left the District of Columbia without a properly trained Accelerant Detection Team; the only fire department in the area without such a team.

42. After Taz was reassigned by the Fire Department to a Mr. DeSilva, the dog's performance dropped dramatically, resulting in the dog being given away as a house pet because he was no good to perform the function it had once been trained to perform.

43. Plaintiff's position of Accelerant Detection Canine Handler was given to Mr. DeSilva, a younger employee (under 40 yrs.) who had no experience or certification.

44. Mr. DeSilva was sent for training and certification and was provided a new canine named Penny.

45. Mr. DeSilva was removed from his position as a Handler and the canine named Penny was decertified.

46. When Mr. DeSilva was removed as a Handler the Defendant Fire Department appointed Sergeant Proctor to the position, sent him for training and certification with a new canine named Sparky.

47. Upon information and belief Sergeant Proctor is under the age of 40.

48. During the time that Plaintiff worked as part of the Accelerant Detection Team, he received no complaints about his performance or the dog's performance. Actually, there were several letters of commendation as to the team's work, including letters from the United States Attorney's Office.

49. Plaintiff Lindsey was told that his employer, the D.C. Fire Department felt that it was too burdensome for a supervisory official, a Sergeant, to handle both supervisory duties and Accelerant Detection duties.

50. Plaintiff was, however, a Sergeant before he was selected by the D.C. Fire Department, trained and certified as a dog handler.

51. Plaintiff Lindsey advised the D.C. Fire Department that he would give up his rank of Sergeant in order to remain part of the Accelerant Detection Team, so that he could continue to serve the needs of the citizens of the District of Columbia.

52. Defendant refused to allow Plaintiff to give up his rank, and even recommended punitive measures to teach Plaintiff a lesson for making such a request.

53.     In a memorandum dated January 18, 2001, Battalion Fire Chief James N. Short, recommended denial of Plaintiff 's request to forego his rank and stay apart of the Accelerant Detection Team.

54.     With Sergeant Proctor and Sparky as one Accelerant Detection Canine team, the Fire Department placed a Vacancy Announcement for the position of "Fire/Arson Investigator, Armed/Canine Handler" with an effective date of December 1, 2006 through expiration date December 15, 2006.

55.     In the vacancy announcement under eligibility it states "Members of the Department below the rank of Sergeant, with (5) years accredited service with DCEMS".

56.     Subsequent to the vacancy announcement the Fire Department placed an individual, who is younger than the Plaintiff, into the position as Accelerant Canine Handler, named Scott Wilson.

57.     The Defendant Fire Department sent Mr. Wilson to be trained and certified and teamed with another canine named Rue.

58.     When Sergeant Proctor was placed in the position of Accelerant Detection Canine Handler, while still a Sergeant was in direct contravention of what the Department stated.

59.     Upon information and belief Mr. Wilson is under the age of 40.

60.     Plaintiff Lindsey was removed from his position, and had his dog confiscated and assigned to another younger employee, based solely upon his age (over 40 yrs.).  Plaintiff suffered many adverse employment actions as a direct result of Defendant's discriminatory treatment.

61.     Proctor one of the two current Accelerant Canine Detection Handlers is a Sergeant as well as a Handler.

62.	Plaintiff has suffered a great amount of humiliation, embarrassment, mental anguish and pain and suffering as a direct result of Defendant's actions.

63.	Plaintiff has lost a substantial amount or wags as a result of the D.C. Fire Department's decision to remove him from his position and confiscate and reassign his dog to another younger employee who is also a Sergeant.

64.	Plaintiff has lost a substantial amount or wags as a result of the D.C. Fire Department's decision to prevent him from applying for the position of Handler when the vacancy announcement was posted.

**WHEREFORE**, Plaintiff respectfully prays this Honorable Court:

1.	Award compensatory damages in the amount of Seven Hundred Fifty Thousand Dollars ($750,000.00) with pre and post judgment interest;

2.	Attorney's fees and costs;

3.	Punitive damages;

4.	Declaratory and injunctive relief concerning the illegal nature of the policies and practices complained of herein; and

5.	Such other and further relief as the Court may deem just, necessary and proper.

## COUNT II
### (NEGLIGENCE)

65.	Plaintiff incorporates by reference thereto the information, facts and/or allegations contained in the preceding paragraphs as if fully set forth herein and further alleges:

66.	Defendant owed plaintiff a duty of care to abide by the rules, regulations, procedures and laws then in effect within the District of Columbia Fire and EMS Department and in the District of Columbia.

67. Defendant breached the duty of care owed to plaintiff by violating plaintiff rights and failing to abide by the law rules regulations and procedure then in effect in the District of Columbia and the District of Columbia Fire and EMS Department.

68. As a direct and proximate result of the breach, and without plaintiff in any way contributing thereto, plaintiff has suffered, and will continue to suffer, great emotional distress, pain, suffering and humiliation.  Plaintiff has also incurred substantial amount of lost wages, and other costs and expenses.

**WHEREFORE**, Plaintiff respectfully prays this Honorable Court:

1. Award compensatory damages in the amount of Seven Hundred Fifty Thousand Dollars ($750,000.00) with pre and post judgment interest;

4. Attorney's fees and costs;

5. Punitive damages;

4. Declaratory and injunctive relief concerning the illegal nature of the policies and practices complained of herein; and

5. Such other and further relief as the Court may deem just, necessary and proper.

### COUNT III
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

69. Plaintiff incorporates by reference thereto the information, facts and/or allegations contained in the preceding paragraphs as if fully set forth herein and further alleges:

70. Plaintiff has suffered a great amount of humiliation, embarrassment, mental anguish and pain and suffering as a direct result of Defendants' actions by and through its employees, servants and/or agents.

71. Defendants' actions were intentional and caused Plaintiff an extreme amount of emotional distress, embarrassment and humiliation.

72. Plaintiff has been embarrassed in front of his peers, family, supervisors, and friends by the acts of the Defendants in removing Plaintiff from his position as Accelerant Detection Canine Handler simply because of his age.

73. Plaintiff has been caused to suffer emotional anguish, and psychological distress in conjunction with the Defendants' actions in removing him from his post as a Handler and placing an individual younger than the Plaintiff is the position of Canine Handler and preventing Plaintiff from applying for the position of Handler when the vacancy announcement was posted.

74. Defendant, by and through the actions of its employees, agents, and/or servants carried out their actions against Plaintiff with malice and with the intent to place the plaintiff in the most embarrassing and humiliating circumstance they could create. Defendant's actions were deliberate and egregious.

75. The Defendant District is responsible for the intentional acts or omissions of its agents, servants and/or employees under the doctrine of *Respondeat Superior*.

76. The Defendant Fire Department is responsible for the intentional acts or omissions of its agents, servants and/or employees under the doctrine of *Respondeat Superior*.

77. Plaintiff was subjected to these actions of Defendant by and through, it employees, agents, and/or employees, through no fault or actions of his own.

**WHEREFORE**, Plaintiff respectfully prays this Honorable Court:

1. Award compensatory damages in the amount of Seven Hundred Fifty Thousand Dollars ($750,000,.00) with pre and post judgment interest;

2. Attorney's fees and costs;

   3.  Punitive damages,

   4.  Declaratory and injunctive relief concerning the illegal nature of the policies and practices complained of herein; and

   5.  Such other and further relief as the Court may deem just, necessary and proper.

          Respectfully submitted,

   By:  __/s/ *Donna Williams Rucker*_____
      Donna Williams Rucker, Esquire, #446713
      DUBOFF & ASSOCIATES, CHARTERED
      8401 Colesville Road, Suite 501
      Silver Spring, Maryland 20910
      (301) 495-3131 Office
      (301) 587-1872 Facsimile

### **JURY DEMAND**

Plaintiff requests a trial by jury on all issues contained herein.

         __/s/ *Donna Williams Rucker*_____
         Donna Williams Rucker, Esquire

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Harold C. Lindsay

## DEFENDANTS
District of Columbia

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Prince George's
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Donna Williams Rucker
DuBoff & Associates, Chtd.
8401 Colesville Road, Ste. 501
Silver Spring, Maryland 20910

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other) OR ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

## V. ORIGIN
○ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
ADEA of 1067, Title VII - Discrimination based on age when plaintiff, a SGT, was removed as Dog Handler and younger Sgt. placed in position

## VII. REQUESTED IN COMPLAINT
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 750,000.00    Check YES only if demanded in complaint
JURY DEMAND:    YES ☒    NO ☐

## VIII. RELATED CASE(S) IF ANY
(See instruction)    YES ☐    NO ☐    If yes, please complete related case form.

DATE 10-26-07    SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.