UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HAROLD C. LINDSEY,               ) | |
|                                                         ) | |
|         Plaintiff,                         ) | |
|                                                         )  | Civil Action No. 07-01939 (RBW) |
|    v.                                            ) | |
|                                                         ) | |
| DISTRICT OF COLUMBIA and  ) | |
| CHIEF OF FIRE AND EMERGENCY ) | |
| MEDICAL SERVICES, DENNIS L. ) | |
| RUBIN,                                       ) | |
|                                                         ) | |
|                                                         ) | |
|         Defendants                    ) | |
| _____) | |

## DEFENDANT DENNIS L. RUBIN'S MOTION TO DISMISS

Defendant Dennis L. Rubin, Chief of Fire and Emergency Medical Services, by and through undersigned counsel, and, pursuant to Fed. R. Civ. P. 12(b)(6), respectfully moves this honorable Court for an order dismissing him as a party defendant in this lawsuit because plaintiff has failed to state a claim against him for which he is entitled to relief.  There is no individual liability under Title VII, and the Age District in Employee Act of 1967.  Moreover, the lawsuit against defendant Rubin is in his official-capacity, and the District of Columbia is the proper party defendant.   Further grounds for this motion are set forth in the accompanying memorandum of points and authorities, which are annexed hereto and incorporated herein.

        Respectfully submitted,

        PETER J. NICKLES
        Interim Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

    /s/ Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV


    /s/ C. Vaughn Adams
C. VAUGHN ADAMS [449770]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6519; (202) 727-6295


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, postage prepaid, this 8th day of January, 2008, to:

Donna Williams Rucker, Esq,
DuBoff & Associates, Chartered
8401 Colesville Road, Suite 501
Silver Spring, MD 20910
Attorney for Plaintiff


    /s/ C. Vaughn Adams
C. VAUGHN ADAMS [449770]
Assistant Attorney General

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| HAROLD C. LINDSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 07-01939 (RBW) |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA and ) | |
| CHIEF OF FIRE AND EMERGENCY ) | |
| MEDICAL SERVICES, DENNIS L. ) | |
| RUBIN, ) | |
| ) | |
| Defendants ) | |
| _____) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**DEFENDANT RUBIN'S MOTION TO DISMISS**

The Complaint herein should be dismissed as against defendant Dennis L. Rubin, Chief of Fire and Emergency Medical Services, because there is no individual liability under Title VII, and the claims against defendant. Rubin, in his official capacity, are redundant to the claims against defendant District of Columbia, and dismissal is appropriate.

**I.      STATEMENT OF FACTS:**

This case arises from the alleged removal of plaintiff from his position of Sergeant in the Fire and Arson Investigation Unit of the D.C. Fire and EMS Department in February, 2001. Complaint at ¶ 17.  Over five years later, Plaintiff claims that this same position was advertised in a vacancy announcement and filled by another individual under the age of 40. Complaint at ¶¶ 34-36. Plaintiff claims that this course of events amounts to unlawful age discrimination, negligence and the intentional infliction of emotional distress.

On or about October 26, 2007, plaintiff filed the subject Complaint against defendants District of Columbia and Dennis L. Rubin, Chief of Fire and Emergency Services.  In the

Complaint, plaintiff alleges that "Defendant Dennis L. Rubin is the Chief of Fire and Emergency Medical Services for the District of Columbia and he was aware of and condoned the actions complained of herein". Complaint, at ¶ 8.

Defendant Rubin now move to dismiss the claims against him because the District of Columbia is the proper party defendant, and plaintiff's claim against him is redundant.

## II. ARGUMENT:

### A. Standard for Dismissal Pursuant to Fed. R. Civ. P. 12(b).

Dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is appropriate when a moving party has failed to set forth a claim for which he/she is entitled to relief. The determination of whether a dismissal is proper must be made on the face of the pleadings alone. *See Telecommunications of Key West, Inc. v. United States,* 757 F.2d 1330, 1335 (D.C. Cir. 1985). A plaintiff is required to plead enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007).

In order to survive a motion to dismiss, a plaintiff's complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.,* 127 S.Ct. at 1964-65. "When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 1966. *See Conley v. Gibson*, 355 U.S. 41, 45 (1957).

### B. There is No Individual Liability Under Title VII, and Dismissal Against Defendant Rubin is Mandated.

Plaintiff seeks to hold defendant Rubin liable for alleged age discrimination under Title VII. See Complaint. However, under the law, liability may not be found against individuals under either Title VII. In *Gill v. Mayor of the District of Columbia*, 2007 WL 1549100 (D.D.C.

May 25, 2007), the United States District Court dismissed the individual capacity suits against the Mayor and the Superintendent of D.C. Schools because there is no individual liability in Title VII cases. *See also*, *Murphy v. Price Waterhouse Coopers, LLP,* 357 F. Supp. 2d 230, 244 (D.D.C. 2004). In addition, "while a supervisory employee may be joined as a party defendant in a Title VII action, that employee must be viewed as being sued in his capacity as the agent of the employer, who is alone liable for a violation of Title VII. *Gary v. Long,* 59 F.3d 1391, 1399 (D.C. Cir. 1995)*, citing Busby v. City of Orlando,* 931 F. 2d 764, 722 (11th Circ. 1991). It is clear, therefore, that the defendant Rubin must be dismissed as a matter of law.

      C.      Plaintiff's Lawsuit Against Defendant Rubin Is an Official-Capacity Suit and Dismissal Is Appropriate.

The Court should also dismiss plaintiff's claims against defendant Rubin because it is an official capacity lawsuit and the claims are redundant. The Supreme Court has ruled whenever relief is sought against a person acting in their official capacity for alleged constitutional violations those actions are redundant, as the proper relief under such claims lies in the government itself. The Court found that:

> Official-capacity suits . . . "generally represent only another way of pleading an action against an entity of which an officer is an agent." As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity . . . the real party in interest is the entity. Thus . . . a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.

*Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (internal citations omitted).

In *Officer Linda Cooke-Seals v. District of Columbia*, 973 F. Supp. 184 (D.D.C. 1997), the Court stated that:

> A suit against an individual in her official capacity is one method of bringing suit against the employer and is distinct from an individual capacity suit. See *United States Equal Employment*

3

> *Opportunity Comm'n v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1280 n.4 (7th Cir. 1995); see also *Sauers v. Salt Lake County*, 1 F.3d 1122, 1125 (10th Cir. 1993) (suit against employee in official capacity operates as suit against employer).  Where the suit has been filed against the employer (here the District of Columbia) and one or more employees, however, the claims against the employees merge with the claim against the employer.  *Gary v. Long, supra*, 59 F.3d at 1399.

Because an official capacity suit against an individual is the functional equivalent of a suit against the employer, plaintiff's claims against defendant Rubin is redundant and an inefficient use of judicial resources.  *See  Busby v. City of Orlando,* 931 F.2d 764, 772 (11th Cir. 1991).  Therefore, dismissal of this case is appropriate.

### III.    CONCLUSION:

For the foregoing reasons, the Court should dismiss defendant Dennis L. Rubin from this lawsuit with prejudice.

        Respectfully submitted,

        PETER J. NICKLES
        Interim Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division


          /s/ Patricia A. Jones
        PATRICIA A. JONES [428132]
        Chief, General Litigation, Section IV


          /s/ C. Vaughn Adams
        C. VAUGHN ADAMS [449770]
        Assistant Attorney General
        441 4th Street, N.W.
        Sixth Floor South
        Washington, D.C. 20001
        (202) 724-6519; (202) 727-6295

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| HAROLD C. LINDSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 07-01939 (RBW) |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA and ) | |
| CHIEF OF FIRE AND EMERGENCY ) | |
| MEDICAL SERVICES, DENNIS L. ) | |
| RUBIN, ) | |
| ) | |
| Defendants ) | |
| ) | |

## **ORDER**

Upon consideration of Defendant Dennis L. Rubin's Motion to Dismiss, the memorandum of points and authorities in support thereof, any opposition thereto, and the record herein, it is, by this Court this ____ day of _____, 2008;

ORDERED that the Motion to Dismiss shall be and the same is hereby granted for the reasons set forth therein; and it is

FURTHER ORDERED that the claims against defendant Dennis L. Rubin shall be and are dismissed with prejudice.

 REGGIE B. WALTON, Judge
 United States District Court
 for the District of Columbia