UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HAROLD C. LINDSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 07-01939 (RBW) |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA and ) | |
| CHIEF OF FIRE AND EMERGENCY ) | |
| MEDICAL SERVICES, DENNIS L. ) | |
| RUBIN, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

### **DEFENDANT DISTRICT OF COLUMBIA'S ANSWER TO THE COMPLAINT**

Defendant, District of Columbia (hereinafter "the District"), by and through undersigned counsel, hereby answers the Complaint in the above-captioned matter. The District asserts that anything not specifically admitted herein is denied, and answers the Complaint as follows:

First Defense

The Complaint fails to state a cause of action or claim against the District upon which relief may be granted.

Second Defense

The District responds to the numbered paragraphs in like-numbered paragraphs as follows:

1. The allegations in this paragraph are conclusions of law to which no response is required.

2. The allegations in this paragraph are conclusion of law to which no response is required.

3. The allegations in this paragraph are conclusions of law to which no response is required.

4. The allegations in this paragraph are a conclusion of law to which no response is required.

5. Defendant lacks sufficient information to either admit or deny the allegations in this paragraph. To the extent a response is required, the District denies the allegations.

6. Admit that the District of Columbia is a municipal corporation empowered to sue and be sued. The remaining allegation in this paragraph is denied.

7. Denied.

8. Admit that Dennis L. Rubin is the Chief of Fire and Emergency Services for the District of Columbia. The remaining allegations in this paragraph are denied.

9. Defendant re-alleges and incorporates herein by reference its answers to Paragraphs 1-8, above.

10. Defendant admits the allegations in this paragraph.

11. This defendant lacks sufficient information to either admit or deny the allegation in this paragraph.

12. This defendant lacks sufficient information to either admit or deny the allegation in this paragraph.

13. Denied.

14. This defendant lacks sufficient information to either admit or deny the allegation in this paragraph.

15. Admit that individuals are certified as part of a team that includes the handler and his dog. The remaining allegations in this paragraph are denied.

16. Denied.

17. Denied.

18. Defendant is without sufficient information to admit or deny the allegations in this paragraph. To the extent a response is required, the allegations in this paragraph are denied.

19. Admit.

20. Defendant is without sufficient information to admit or deny the allegations in this paragraph. To the extent a response is required, the allegations in this paragraph are denied.

21. Defendant is without sufficient information to admit or deny the allegations in this paragraph. To the extent a response is required, the allegations in this paragraph are denied.

22. Defendant is without sufficient information to admit or deny the allegations in this paragraph. To the extent a response is required, the allegations in this paragraph are denied.

23. Defendant is without sufficient information to admit or deny the allegations in this paragraph. To the extent a response is required, the allegations in this paragraph are denied.

24. Defendant is without sufficient information to admit or deny the allegations in this paragraph. To the extent a response is required, the allegations in this paragraph are denied. To the extent a response is required, the allegations in this paragraph are denied.

25. Admit.

26. Admit.

27. Defendant is precluded by statute from either admitting or denying this allegation in this paragraph. See D.C. Official Code ¶¶ 1-631.01, 1-631.03.

28. Admit.

29. Admit that Handler Sergeant Proctor was given a canine named Sparky. Further responding, this defendant is precluded by statute from either admitting or denying this allegation in this paragraph. See D.C. Official Code ¶¶ 1-631.01, 1-631.03.

30. Defendant is without sufficient information at this time to admit or deny the allegations in this paragraph. To the extent a response is required, the allegations in this paragraph are denied.

31. Denied.

32. Admit.

33. Admit.

34. Admit.

35. Admit that Defendant placed Scott Wilson into the position of Accelerant Detection Canine Handler.

36. Defendant is precluded by statute from either admitting or denying this allegation in this paragraph. See D.C. Official Code ¶¶ 1-631.01, 1-631.03.

COUNT I
(AGE DISCRIMINATION)

37. Defendant re-alleges and incorporates herein by reference its answers to Paragraphs 1-36, above.

38. Denied.

39. This defendant lacks sufficient information to either admit or deny the allegations in this paragraph. To the extent a response is required, this defendant denies the allegations.

40. This defendant lacks sufficient information to either admit or deny the allegations in this paragraph. To the extent a response is required, this defendant denies the allegations.

41. Denied.

42. Denied.

43. Denied.

44. Admit.

45. Defendant is precluded by statute from either admitting or denying this allegation in this paragraph. See D.C. Official Code ¶¶ 1-631.01, 1-631.03.

46. Defendant is precluded by statute from either admitting or denying this allegation in this paragraph. See D.C. Official Code ¶¶ 1-631.01, 1-631.03.

47. Defendant is precluded by statute from either admitting or denying this allegation in this paragraph. See D.C. Official Code ¶¶ 1-631.01, 1-631.03.

48. This defendant lacks sufficient information to either admit or deny the allegations in this paragraph. To the extent a response is required, this defendant denies the allegations.

49. This defendant lacks sufficient information to either admit or deny the allegations in this paragraph. To the extent a response is required, this defendant denies the allegations.

50. Denied.

51. Denied.

52. Denied.

53. The letter speaks for itself.

54. Admit.

55. Admit

56. Defendant is precluded by statute from either admitting or denying this allegation in this paragraph. See D.C. Official Code ¶¶ 1-631.01, 1-631.03.

57. Admit.

58. Denied.

59. Defendant is precluded by statute from either admitting or denying this allegation in this paragraph. See D.C. Official Code ¶¶ 1-631.01, 1-631.03.

60. Denied.

61. Admit that Proctor is of the rank Sergeant and that, Sergeant Proctor serves as an Accelerant Detection Canine Handler for the D.C. Department of Fire & E.M.S. as well as the Bureau of Alcohol, Tobacco and Firearms and U.S. Marshall's Service.

62. Denied.

63. Denied.

64. Denied.

## COUNT II
(NEGLIGENCE)

65. Defendant re-alleges and incorporates herein by reference its answers to Paragraphs 1-65 and claims for damages in paragraphs 1-5, above.

66. The allegations in this paragraph are the legal conclusions of the pleader to which no response is required.

67. Denied.

68. Denied.

### COUNT III
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

69. Defendant re-alleges and incorporates herein by reference its answers to Paragraphs 1-68, above.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. The allegations in this paragraph are a conclusion of law to which no response is required. The allegations in this paragraph are a conclusion of law to which no response is required. To the extent a response is required, the allegations are denied.

76. Denied.

77. Denied.

Further answering, the District asserts that anything not specifically admitted or otherwise responded to herein is denied, and that plaintiff is not entitled to his requested relief.

### Third Defense

Plaintiff's claims do not rise to the level of a constitutional violation against this defendant.

### Fourth Defense

Defendant denies all allegations of wrongdoing, including but not limited to violations of common law, statutory and operational standards, negligence, and/or deliberate indifference

### Fifth Defense

The plaintiff's EEOC claim and/or lawsuit may have been filed in an untimely fashion.

### Sixth Defense

Plaintiff may have failed the exhaust his administrative remedies and failed to comply with other mandatory filing requirements.

### Seventh Defense

The plaintiff may have failed to mitigate his damages.

### Eighth Defense

Plaintiff may have failed to satisfy the applicable statue of limitations.

### Ninth Defense

Plaintiff may have failed to satisfy the mandatory notice requirements of D.C. Code § 12-309 for his common law claims.

### Tenth Defense

Some of plaintiff claims may be barred by the doctrine of laches and/or equitable estoppel.

### Set-off

The District of Columbia demands a set-off for the cost of services which were provided to the plaintiff against any judgment rendered against it.

### Jury Demand

The District demands a jury of twelve (12) persons on all issues so triable.

**WHEREFORE**, the District respectfully urges the Court to dismiss the Complaint with prejudice.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


    /s/ Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV


    /s/ C. Vaughn Adams
C. VAUGHN ADAMS [449770]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6519; (202) 727-6295