**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)**

| | |
|---|---|
| HAROLD LINDSAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:07-cv-1939 (RBW) |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## REPORT PURSUANT TO LOCAL CIVIL RULE 16.3

Pursuant to Fed. R. Civ. P. 26(f) and LCvR 16.3(d), counsel for Plaintiff and Defendant District of Columbia s conferred about the topics listed in LCvR 16.3. The following information is provided consistent with Local Civil Rule 16.3(c):

(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

There are no dispositive motions pending. Plaintiff does not believe that this matter will be resolved by dispositive motion. Defendant believes that the case may be disposed of in whole or in part by motion, and reserves the right to file any appropriate dispositive motions.

(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

The parties propose that all parties be joined or pleadings amended within 60 days of the initial scheduling conference.  At this stage of the case, the Parties are not able to identify factual or legal issues to be agreed upon or narrowed.

(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.

The Parties do not consent to assignment to a magistrate judge for trial.

(4) Whether there is a realistic possibility of settling the case.

Plaintiff believes that this matter could settle. It is too early to determine whether there is a possibility of settlement. However, the defendant will entertain all reasonable offers of settlement.

(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

Plaintiff's counsel discussed mediation with her and plaintiff is open to mediation at any stage of the litigation. Defendant believes mediation is not appropriate at this time, but would consider mediation after the close of discovery, and a decision on any dispositive motion filed has been made.

(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

Defendant believes this case can be resolved in whole or in part by dispositive motion at the end of discovery. Plaintiff believes a dispositive motion will not resolve the case. The Parties agree that dispositive motions should be filed not later than 60 days following the close of discovery; oppositions thereto should be due 30 days thereafter; and replies should be due 15 days after filing of oppositions.

(7) Whether the Parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.

The Parties will not dispense with initial disclosures under Fed. R. Civ. P. 26(a)(1). Plaintiff requests that disclosures be provided within 20 days after the Initial Conference. Defendant believes that disclosures should be made through the regular course of discovery.

(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

The Parties propose 180 days to complete standard discovery, followed by the motion schedule proposed in ¶ 6.  The Parties request 30 interrogatories per side and 5 non-party depositions per side.  The Parties anticipate that protective orders may be required for personnel records and other information covered by the Privacy Act.

(9) Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.

The Parties may use experts and make disclosures pursuant to Fed. R. Civ. P. 26(a)(2), and propose that Proponent's Rule 26(a)(2)(B) statements be due 60 days before the close of discovery and Opponent's statements be due 30 days following receipt of Proponent's statements.

(10) Procedures in class actions.

Not applicable.

(11) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

The Parties do not anticipate the need for a bifurcated trial. Defendant reserves the right to move for bifurcation should the need arise.

(12) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

The Parties propose that the date for the pretrial conference be set at any post discovery status conference.

(13) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

The Parties propose that the trial date be set at the pre-trial conference.

(14) Such other matters that the Parties believe may be appropriate for inclusion in a scheduling order.

The Parties are not aware of any additional matters.

(15) Statements of the Case:

<u>Plaintiff</u>**:**

Plaintiff, Harold Lindsay, was previously the Dog Handler for the District of Columbia Fire and EMS Department. Plaintiff was removed from that position and the Dog Handler's position was given to a younger employee. Plaintiff filed a lawsuit alleging age discrimination. Defendant defended that action by stating that plaintiff was removed not because of his age, but because he was a sergeant and that he could not be a sergeant and a dog handler. Defendant later

gave a sergeant the Dog Handler's position. This person was younger than plaintiff with less experience and training.

Defendant: The District made a personnel decision relating to Plaintiff. Plaintiff avers that the District's decision was based on age discrimination. The District denies any and all wrongdoing.

Respectfully submitted,

| | |
|---|---|
| _____/s/_____<br>DONNA WILLIAMS RUCKER, ESQ.<br>DuBoff and Associates, Chartered<br>8401 Colesville Road, Suite 501<br>Silver Spring, MD 20910<br>(301) 495-3131<br>Attorney for Plaintiff | PETER J. NICKLES,<br>Interim Attorney General for the District of Columbia<br><br>GEORGE C. VALENTINE<br>Deputy Attorney General, D.C.<br>Civil Litigation Division<br><br>_____/s/_____<br>PATRICIA A. JONES [428132]<br>Chief, General Litigation Section IV<br>Civil Litigation Division<br><br>_____/s/_____<br>C. VAUGHN ADAMS, [449770]<br>Assistant Attorney General<br>441 Fourth Street, N.W., 6th Floor North<br>Washington, D.C. 20001<br>(202) 724-6519; (202) 727-6295<br>corliss.adams@dc.gov<br>Attorneys for Defendants |

5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**(Civil Division)**

| | |
|---|---|
| HAROLD LINDSAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:07-cv-1939 (RBW) |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**SCHEDULING ORDER**

The parties have submitted a Joint Report pursuant to Fed. R. Civ. P. 26(f) and LCvR 16.3, and a proposed Scheduling Order. Having reviewed the parties' Joint Report, on this ___ day of _____, 2008, the Court hereby,

ORDERS that:

1. The parties shall provide their Rule 26(a)(1) Initial Disclosures on or before June 5, 2008.

2. Discovery, including discovery depositions of the parties' expert witnesses, shall be completed by November 17, 2008. Each party may conduct five (5) depositions, lasting no longer than seven (7) hours each. Each party may propose 30 interrogatories to another party. Plaintiff's expert report shall be disclosed on or before September 17, 2008. Defendant's expert report shall be disclosed on or before October 17, 2008. Discovery shall close on November 17, 2008.

3. The briefing schedule for dispositive motions is as follows:

    a. All dispositive motions shall be filed on or before January 16, 2008;

    b. Memoranda in Opposition shall be filed on or before February 17, 2008;

    c. Reply Memoranda shall be filed on or before March 4, 2008;

The Pretrial Conference shall take place on April 3, 2008, OR shall be scheduled at a future status

conference.

       SO ORDERED.

                                               _____
                                               Reggie B. Walton
                                               United States District Judge