UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HAROLD C. LINDSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 07-01939 (RBW) |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA and ) | |
| CHIEF OF FIRE AND EMERGENCY ) | |
| MEDICAL SERVICES, DENNIS L. ) | |
| RUBIN, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant District of Columbia, by and through counsel, presents the following memorandum in reply to Plaintiff's Memorandum of Points and Authorities in Opposition to its Motion for Judgment on the Pleadings:

**A.   Plaintiff's reliance on Rule 60 is misplaced.**

Plaintiff argues, in effect, that he should be able to maintain the current lawsuit because Rule 60 permits him to file a new action based upon the discovery of new evidence. In support of this novel argument, Plaintiff cites Goland v. CIA, 197 U.S. App. D.C. 25 (D.C. Cir. 1979) . This argument is fatally flawed for a number of reasons. For one, Rule 60 imposes a strict one year deadline for motions based upon newly discovered evidence. Id, at headnote 12.

> "Insofar as additional documents are new evidence, recourse to Fed. R. Civ. 60(b) is governed and apparently precluded by the rule's strict timing requirements. There is an ironclad one-year limit on the filing of a Rule 60(b) motion based on newly discovered evidence. Such motions must be filed within one year from the date the judgment was entered in the district court. The one-

1

year period is not tolled by a pending appeal, and under the Federal Rules of Civil Procedures, no court has power to extend the deadline."

Plaintiff's first Complaint was dismissed by summary judgment on February 3, 2005. He filed the instant Complaint on October 26, 2007, two and one half (2 ½) years later. Rule 60b does not permit motions for reconsideration more than one year after the date of the ruling in question on grounds of newly discovered evidence. Id.  Plaintiff's reliance on a so called savings clause of Rule 60 to permit him to violate the one year time limit is of no import, and is misguided.  This type of relief is granted only under the most stringent of circumstances.   In fact, the *Goland* case cited by plaintiff, did not grant the relief now sought by plaintiff in this case. Plaintiff has shown no evidence that the so called newly discovered evidence would have made any difference in the outcome of her first case or this case.

Secondly, the "newly discovered evidence" that plaintiff claims eliminates a bar by *res judicata* relates back to the exact same evidence of pretext that Judge Collyer considered and rejected in her February 2005, opinion. The seminal question before the Court on Defendant's motion for summary judgment was whether or not the plaintiff presented sufficient evidence of a pretext for age discrimination to overcome the District's legitimate, non-discriminatory explanation for its decision to not allow Mr. Lindsey to serve as a canine handler and maintain the rank of sergeant. *See* Memorandum Opinion, **Exhibit B** at p. 13.  Judge Collyer explained succinctly that

> "The Court does not sit as a super-personnel department that reexamines an entity's business decisions. The Court must therefore decline Sgt. Lindsey's request that it decide whether it was wise for the D.C. Fire Department to relieve him of duties as a canine handler and maintain his position as a Sergeant in the firefighting Division. Because there is no evidence to counter Defendants' legitimate, nondiscriminatory reasons for their actions, Defendants' motion for summary judgment will be granted and Sgt. Lindsey's complaint will be

dismissed." (internal quotes and citations omitted)  See **Exhibit B**, Memorandum Opinion at 14.

Plaintiff claims he now has "new evidence" that the District's explanation was "phony". Pl.'s Opposition at p. 15. However, this "new evidence" does not permit him to file a new lawsuit on some Rule 60 theory.

Cases must be given final effect.  To allow plaintiff to re-file the same case on a theory of newly discovered evidence that allegedly surfaced **after** the case was decided on the merits would preclude any case from reaching finality.  No municipality would be allowed to change its policies and/or procedures for fear that the change would be reviewed as "new evidence" to support a movant's claim that the employer's prior business decision was pretextual.

Moreover, plaintiff does not even allege in his new Complaint that he applied for the new position that he claims now represents evidence of pretext.  If he did not apply for the position, he can not claim that he was rejected for the position and, thus, has no evidence of an adverse action or that he suffered any damages. Because plaintiff never even alleges in his second Complaint that he applied for a Canine Handler position in 2005, 2006 or 2007, he fails to state a claim of discrimination as a matter of law. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

A comparison of the two pleadings clearly indicates that there was only one removal of Mr. Lindsey from the Canine Handler position. We are then left to conclude that, in the latest lawsuit, Mr. Lindsey is still referring to his previous claim that in 2001, he was forced out of the Canine Handler position.  t.[1]  A defendant seeking dismissal of a

---

[1] Plaintiff's second Complaint is deliberately vague when it comes to dates. It juxtaposes the 2001 event from the first complaint at paragraph 53 with completely unrelated events in 2006 at paragraphs 54 through

3

complaint on *res judicata* grounds must show: (1) that the prior decision on which he bases his *res judicata* claim was a decision on the merits, and (2) that the earlier litigation was based on the same cause of action. *Shin v. Portals Confederate Corp.*, 728 A.2d 615, 618 (D.C. 1999)*,* (quoting *Amos v. Shelton*, 497 A.2d 1082, 1084 (D.C. 1985)). Because Mr. Lindsey's current complaint relates to the *same adverse event* as his first complaint, it is barred by res judicata.

Secondly, assuming Plaintiff's newly discovered evidence is true, Judge Collyer's prior finding should not be disturbed. Judge Collyer found that there was no age discrimination when the District placed a person below the age of 40 in the dog handler position after Mr. Lindsey vacated the position.

In the first lawsuit, plaintiff claims that he was replaced as a Canine Handler by a individual below the age of 40 named **Officer DeSilva**. Here, in the instant lawsuit, plaintiff claims once again bases his claim on the lone fact that another person who served as a Canine Handler, **Sgt. Proctor**, was under the age of 40. Complaint, ¶¶ 35-36. Plaintiff does not allege that Sgt. Proctor replaced him or that he even applied for this position. He merely asserts that an individual less than the age of 40 got a Canine Handler position. Judge Collyer addressed the age discrimination question and issue of pretext in her opinion dismissing the first lawsuit. She found that mere evidence that someone less than 40 years old took the Canine Handler position was insufficient to counter Defendants' legitimate, non-discriminatory explanation for its employment decision:

---

59. Then, Plaintiff mentions that he was removed from his position as a dog handler at Paragraph 60. However, that removal took place in 2001. See, paragraph 53. At no place in the Second Complaint does plaintiff allege that he applied for or was removed from any Canine Handler Position in 2006.

4

> "The single piece of evidence that age played a part in this decision process is that Officer DeSilva, a man younger than 40 years old, was assigned the position of canine handler despite his lack of training and experience. This evidence contributed to Sgt. Lindsey's prima facie case but does nothing to counter Defendants' legitimate, nondiscriminatory explanation for their actions. Accordingly Sgt.Lindsey's complaint must be dismissed." Memorandum Opinion at pp. 13-14.

As is quite apparent, the issue of age discrimination with regard to the canine handler position was addressed by Judge Collyer. The only difference between the first lawsuit and the second lawsuit is the name of the individual that plaintiff alleges should not have held the position of canine handler that he once held.  Whether the canine handler was named DeSilva or Proctor, the ultimate question of age discrimination has been addressed and settled.  The "new evidence" that plaintiff claims lifts the bar  is simply another version of his prior lawsuit.  This new action is barred by res judicata and must be dismissed.

   **B.   Conclusion**

For the reasons set forth above, and in its Motion for Judgment on the Pleadings, the District respectfully requests the Court to grant judgment on the pleadings in its favor.

                        Respectfully submitted,

                        PETER J. NICKLES
                        Acting Attorney General for the District of Columbia

                        GEORGE C. VALENTINE
                        Deputy Attorney General, Civil Litigation Division

                             /s/ Patricia A. Jones
                        PATRICIA A. JONES [428132]
                        Chief, General Litigation, Section IV

      /s/ C. Vaughn Adams
    C. VAUGHN ADAMS [449770]
    Assistant Attorney General
    441 4th Street, N.W.
    Sixth Floor South
    Washington, D.C. 20001
    (202) 442-9840; (202) 727-6295

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HAROLD C. LINDSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 07-01939 (RBW) |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA and ) | |
| CHIEF OF FIRE AND EMERGENCY ) | |
| MEDICAL SERVICES, DENNIS L. ) | |
| RUBIN, ) | |
| ) | |
| Defendants ) | |

**ORDER**

Upon consideration of Defendant District of Columbia's Motion for Judgment on the Pleadings, the memorandum of points and authorities in support thereof, any opposition thereto, and the record herein, it is, by this Court this ____ day of ____, 2008;

ORDERED that Defendant District of Columbia's Motion for Judgment on the Pleadings shall be and the same is hereby granted; and it is

FURTHER ORDERED: that judgment as a matter of law is hereby entered in favor of defendant District of Columbia.

                                            REGGIE B. WALTON, Judge
                                            United States District Court
                                            for the District of Columbia