UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
HAROLD C. LINDSEY,                  )
                                    )
            Plaintiff,              )
                                    )
      v.                            )    Civil Action No. 07-1939 (RBW)
                                    )
DISTRICT OF COLUMBIA,               )
                                    )
            Defendant.              )
_____)

**MEMORANDUM OPINION**

Harold C. Lindsey, the plaintiff in this civil lawsuit, brings this action against the District of Columbia alleging age discrimination committed in contravention of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-34 (2006), breach of "a duty of care to abide by the rules, regulations, procedures and laws then in effect within the District of Columbia Fire and [Emergency Medical Systems] Department and in the District of Columbia," Plaintiff's Complaint (the "Compl.") ¶ 66, and intentional infliction of emotional distress causing "humiliation, embarrassment, mental anguish and pain and suffering," id. ¶ 70.[1] The plaintiff's claims arise out of events resolved earlier by another member of this Court, Lindsey v. District of Columbia, Civil Action No. 02-1592 (RMC) (D.D.C.), which the plaintiff has resurrected based on alleged newly discovered evidence and which the plaintiff seeks to use in the current case. The initial conflict between the parties arose from the plaintiff's removal from his position as a Sergeant in the Fire/Arson Investigation Unit allegedly "based solely upon his age (over 40

---

[1] The only defendant in this proceeding at this time is the District of Columbia. The plaintiff originally named Dennis L. Rubin, the Chief of the District of Columbia Fire and Medical Services, as a defendant in this case. Compl. ¶ 8. Rubin filed a separate motion for dismissal from this case, which the Court granted on February 14, 2008.

[years])," id. ¶ 17, the confiscation of the plaintiff's canine partner, id. ¶ 18, his replacement by Sidney DeSilva, "a younger employee (under 40 [years]) who had no experience or certification," id. ¶ 43, and the subsequent hiring of another sergeant as a canine handler, who also was under forty years of age, id. ¶ 47.  As a result of these series of events, the plaintiff seeks compensatory damages, punitive damages, attorney's fees and costs, and declaratory and injunctive relief.  Id. ¶ 64.

Currently before the Court is the defendant's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  Upon considering the plaintiff's complaint, the parties' motions, and all relevant memoranda and exhibits,[2] the Court concludes for the following reasons that it must grant in part and deny in part the defendant's motion and dismiss the plaintiff's claims only insofar as they arise from his removal as a sergeant in the defendant's Fire/Arson Investigation Unit.

## I. Background

The following facts are either alleged by the plaintiff in his complaint or are matters of public record.  The plaintiff, a resident of the state of Maryland, Compl. ¶ 5, began work as a firefighter in 1979 for the District of Columbia, id. ¶ 10, "a municipal corporation empowered to sue and be sued," id. ¶ 6.  In 1989, the plaintiff was promoted to the rank of Inspector, and in 1991 he was promoted to the rank of Fire Inspector. Id. ¶ 10.  By 2001, the plaintiff had attained the rank of Sergeant in the Fire/Arson Investigation Unit, id. ¶¶ 10, 12, and completed

---

[2]  In addition to the plaintiff's complaint and the defendant's motion, the Court considered the following documents in reaching its decision: (1) the Memorandum of Points and Authorities in Support of Defendant's Motion for Judgment on the Pleadings (the "Def.'s Mem."), (2) the Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Opposition to Defendant District of Columbia's Motion for Judgment on the Pleadings (the "Pl.'s Opp'n"), and (3) the Reply Memorandum of Points and Authorities in Support of Defendant's Motion for Judgment on the Pleadings (the "Def.'s Reply").

certification to work "in conjunction with his trained dog[ ] as an Accelerant Detection Canine Team," id. ¶ 13. "Certification as an Accelerant Detection Canine Team required substantial training and work" by the plaintiff. Id. ¶ 14. While serving as a sergeant and canine handler, the plaintiff was over forty years of age. Id.

In February of 2001, the plaintiff "was informed that he could not be a [s]ergeant as well as the Accelerant Canine Detection Handler," id. ¶ 19, and was "removed from his position as a [s]ergeant in the Fire/Arson Investigation Unit," id. ¶ 17. The defendant also confiscated the plaintiff's Accelerant Detection Canine, Taz. Id. ¶ 18. Subsequently, the defendant selected Sidney DeSilva to fill the position vacated by the plaintiff and assigned to him the canine that had been assigned to the plaintiff, id. ¶ 20, even though DeSilva had no prior experience working with a trained canine partner, id. ¶ 43. DeSilva was under forty years of age when he was selected to replace the plaintiff. Id.

In August of 2002, the plaintiff sued the District of Columbia and Fire Chief Adrian Thompson for age discrimination, seeking "to be returned to the Fire Prevention Division and allowed to work with another dog." Lindsey v. District of Columbia, Civil Action No. 02-1592 (RMC), slip op. at 7 (D.D.C. Feb. 3, 2005).[3] In that case, the plaintiff based his allegations of age discrimination on the fact that "he was replaced by a person younger than 40 years old as a canine handler." Id. Judge Collyer of this Court found that under the analysis required by the Supreme Court in McDonnell-Douglass Corp. v. Green, 411 U.S. 792 (1973), the plaintiff established a prima facie case of age discrimination because he was "over 40 years old and in the age-protected class, he was qualified to be a [s]ergeant canine handler, and he was replaced by [DeSilva][,] who was under 40 years old." Lindsey, slip op. at 10. However, the Court also

---

[3] A copy of this memorandum opinion is appended to the defendant's motion to dismiss as Exhibit B.

found that the defendant had a legitimate, nondiscriminatory reason for its action with respect to the plaintiff when it decided that it was too burdensome for the plaintiff to work simultaneously as a sergeant and a canine handler. Id. at 10-12. Because the plaintiff did not provide sufficient evidence to demonstrate that the defendant's legitimate, nondiscriminatory justification was false, id. at 13-14, the Court granted the defendant's motion for summary judgment and dismissed the plaintiff's complaint in February of 2005, id. at 14.

In November or December of 2005, the defendant removed DeSilva from his position as an Accelerant Canine Detection Handler, Compl. ¶ 27, and "appointed Sergeant Proctor as the Accelerant Canine Detection Handler without advertising the position," id. ¶ 30. At the time of his appointment, Sergeant Proctor was also under forty years of age. Id. ¶ 47. In December of 2006, the defendant posted a vacancy announcement for a second position as a "Fire/Arson, Armed/Canine Handler." Id. ¶¶ 33-34. The announcement stated that to be eligible for the position the successful candidates had to be: "Members of the Department below the rank of Sergeant, with (5) years accredited service with [District of Columbia Emergency Medical Services]." Id. After posting this announcement, the defendant selected Scott Wilson, id. ¶¶ 34-36, 59, to fill a second Accelerant Detection Canine Handler position, id. ¶¶ 54-56. Wilson was also under the age of forty when he was selected. Id. ¶ 59.

After filing a "timely . . . complaint with the Equal Employment Opportunity Commission [(the 'EEOC')]," id. ¶ 3, the plaintiff filed a complaint in this case on October 26, 2007. In his complaint, the plaintiff asserts claims of age discrimination, id. ¶¶ 37-64, negligence, id. ¶¶ 65-68, and intentional infliction of emotional distress by the defendant, id. ¶¶ 69-77. In support of his age discrimination claim, the plaintiff asserts that he "was removed from his position, and had his dog confiscated and assigned to another younger employee, based

4

solely upon his age (over 40 yrs.)." Id. ¶ 60.  In support of his negligence claim, the plaintiff asserts that the "defendant owed [him] a duty of care to abide by the rules, regulations, procedures and laws then in effect within the District of Columbia Fire and [Emergency Medical Systems] Department and in the District of Columbia." Id. ¶ 66.  The plaintiff maintains that the defendant breached that duty "by violating [the] plaintiff['s] rights and failing to abide by the law[,] rules[,] and regulations then in effect in the District of Columbia and the District of Columbia Fire and [Emergency Medical Systems] Department." Id. ¶ 67.  Finally, in support of his intentional infliction of emotional distress claim, the plaintiff asserts that he "has . . . suffer[ed] emotional anguish[ ] and psychological distress in conjunction with the [d]efendant's actions in removing him from his post as a [h]andler and placing an individual younger than the [p]laintiff in the position of [c]anine [h]andler and preventing [the] [p]laintiff from applying for the position of [h]andler when the vacancy announcement was posted." Id. ¶ 73.

The defendant filed its motion for judgment on the pleadings on July 23, 2008.  In support of its motion, the defendant argues that the plaintiff's claims are barred by the doctrine of res judicata because the plaintiff "again alleges that the [defendant] improperly removed him from his position as the Accelerant Detection Canine Handler and engaged in [a]ge [d]iscrimination," Def.'s Mem. at 5, and "[a]gain, [the] [p]laintiff bases his claim on the lone fact that the person who replaced him as the [h]andler was under the age of 40," id.  The defendant asserts that Judge Collyer's memorandum opinion in Lindsey completely bars the plaintiff's ability to proceed with his current claims. Id. at 8.

In response to the defendant's motion for judgment on the pleadings, the plaintiff argues that his claims are not barred by res judicata because "[he] has not instituted a new cause of action as defined by the doctrine of res judicata[,] as [he] is presenting new evidence which,

5

despite [a] diligent search, could not have been discovered during [his] prior action[,] as the actions and activities of the [d]efendant did not occur until after the final decision in [his] prior case." Pl.'s Opp'n at 11-12.  The plaintiff argues that the selection of Sergeant Proctor for the position of canine handler, the posting of a vacancy announcement, and the selection of Wilson to fill that vacancy constitute newly discovered evidence demonstrating that the defendant's "reasons for [the plaintiff's] removal as a dog handler were [pretextual]." Id. at 15.  The plaintiff concedes that the one-year limit on motions for reconsideration under Federal Rule of Civil Procedure 60(b) based on newly discovered evidence has expired. Id. at 11.  However, he argues that this Court should allow the plaintiff to present the purported newly discovered evidence in an independent action pursuant to Goland v. CIA, 607 F.2d 339 (D.C. Cir. 1978), where the District of Columbia Circuit held that the one-year limit on Rule 60(b) motions based on newly discovered evidence does not apply to an independent action. Id. at 374.

Additionally, in response to the defendant's motion for judgment on the pleadings, the plaintiff argues that the defendant's act of selecting Sergeant Proctor for the canine handler position over the plaintiff is "a separate and distinct act of age discrimination . . . that serves a[s] the bas[i]s of [the plaintiff's] new discrimination case filed with the EEOC." Pl.'s Opp'n at 16. Plaintiff asserts that he should have been selected for the position over Sergeant Proctor if "any consideration of eligible persons at the rank of Sergeant was to be given." Id. at 15.

Replying to the plaintiff's opposition to its motion to dismiss, the defendant characterizes the plaintiff's reliance on Rule 60(b) as "misplaced." Def.'s Reply at 1.  First, the defendant argues that Rule 60(b) "imposes a strict one year deadline for motions based upon newly discovered evidence." Id.  Second, the defendant maintains that the relief accorded to "an independent action" under Rule 60 "is granted only under the most stringent of circumstances."

6

Id. at 2.  Finally, the defendant urges that earlier resolved "[c]ases must be given final effect," and that allowing a "plaintiff to re-file the same case on a theory of newly discovered evidence that allegedly surface after the case was decided on the merits would preclude any case from reaching finality." Id. at 3.  This result, the defendant warns, would preclude any municipalities from changing "its policies and/or procedures for fear that the change would be reviewed as 'new evidence' to support a movant's claim that the employer's prior business decision was pretextual." Id.

## II. Standard of Review

As previously mentioned, the defendant seeks judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), which states that a "party may move for judgment on the pleadings after the pleadings are closed and early enough to prevent delay of trial."[4]  Under Rule 12(c), "the Court must accept the non[-]movant's allegations as true and should view the facts in the light most favorable to the non[-]moving party." Iacangelo v. Georgetown Univ., 580 F. Supp. 2d 111, 116 (D.D.C. 2008).  A court should grant a motion pursuant to Rule 12(c) "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Longwood Vill. Rest. v. Ashcroft, 157 F. Supp. 2d 61, 66 (D.D.C. 2001).  This standard of review is "essentially the same" as the standard of review for motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Iacangelo, 580 F. Supp. 2d at 116.

---

[4] The plaintiff suggests that "matters outside of the [p]leadings have been raised before this Court," and that as a consequence the defendant's motion should be converted into a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Pl.'s Opp'n at 8 n.1.  If that were the case, the Court would need to give the parties notice of the conversion and an opportunity to seek discovery in support of their respective positions. See Taylor v. FDIC, 132 F.3d 753, 765 (D.C. Cir. 1997) (noting these requirements in the analogous context of a Rule 12(b)(6) motion to dismiss).  However, conversion to summary judgment is only necessary where the Court "looks outside the complaint to factual matters," not whenever a party tries to raise them. Marshall County Health Care Auth. v. Shalala, 988 F.2d 1221, 1226 (D.C. Cir. 1993).  The Court does not need to consider any factual matters outside the four corners of the plaintiff's complaint to rule on the defendant's motion (nor will it do so); therefore, it need not convert the defendant's motion to a motion for summary judgment.

### III. Legal Analysis

Based upon the memoranda of law submitted by the parties, the sole issue before the Court is whether the plaintiff's claims of age discrimination, negligence, and intentional infliction of emotional distress are barred by the preclusive effects of Judge Collyer's ruling in Lindsey. As set forth below in greater detail, the Court concludes that all of the plaintiff's claims arising from his removal as an Accelerant Canine Detection Handler are precluded under the doctrine of res judicata, but that these same claims are not barred by Judge Collyer's decision insofar as they arise from the selection of Sergeant Proctor for the position of Accelerant Canine Detection Handler in late 2005.

A.     Claims Arising from the Plaintiff's Reassignment in February of 2001

"Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980). The policies underlying the doctrine include "protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 (1979). In evaluating a cause of action for claim preclusion purposes, it is the factual nucleus that gives rise to a plaintiff's claims, not a legal theory on which the claim rests that determines whether the claim may proceed. Page v. United States, 729 F.2d 818, 820 (D.C. Cir. 1984). Additionally, for purposes of res judicata, privity exists between officers of the same government. Sunshine Anthracite Coal v. Adkins, 310 U.S. 381, 402 (1940).

As the Court noted above, the plaintiff has already sued the District of Columbia and its Fire Chief for age discrimination based upon his reassignment from the position as a canine handler. In that case, Judge Collyer found that there was no evidence in the record that the

legitimate, non-discriminatory reason advanced by the defendants for the plaintiff's reassignment was a pretext for discrimination. Lindsey, slip op. at 10. She therefore granted summary judgment in the defendants' favor. Id. That ruling is binding on the plaintiff under the doctrine of res judicata. See Prakash v. Am. Univ., 727 F.2d 1174, 1182 (D.C. Cir. 1984) (noting that summary judgment is a ruling on the merits of the case and bars any future action on res judicata grounds). The claims asserted by the plaintiff in his current complaint arise from the same factual nucleus as the claims asserted in his prior lawsuit before Judge Collyer. Like the claims at issue in the earlier case, the claims in the plaintiff's current complaint are based on the removal of the plaintiff from his position as an Accelerant Canine Detection Handler, the confiscation of the plaintiff's dog, and the assignment of the position and the dog to a younger employee. Because these claims arise from the same nucleus of facts as the claims in the plaintiff's prior case before Judge Collyer, the claims could have been raised in the prior action and are therefore barred by the preclusive effects of Judge Collyer's ruling. And because the defendants in both the current and prior actions include the District of Columbia and one of its officials, the parties in the current action are in privity with the parties in the first action. Sunshine Anthracite Coal, 310 U.S. at 402. Therefore, the plaintiff's current claims of age discrimination, negligence, and intentional infliction of emotional distress brought against the defendants are barred by the doctrine of res judicata insofar as they are based on the reassignment of the plaintiff from the position as an Accelerant Canine Detection Handler.

      The plaintiff argues that Judge Collyer's decision has no res judicata impact on any of his current claims because he would qualify for relief under Federal Rule of Civil Procedure 60(b)(2) were it not for the one-year time restriction imposed by that rule. Pl.'s Opp'n at 10-11. He contends that under the circumstances presented to the Court in this case, Goland v. CIA, 607

F.2d 339 (D.C. Cir. 1978) sanctions the filing of an independent lawsuit if it would be "manifestly unconscionable" for the Court's prior judgment to remain in effect, and asserts that the defendant's placement of another sergeant in the exact same position from which the plaintiff was removed for purportedly being a sergeant demonstrates that the defendant's prior explanation for the plaintiff's removal from the position was "phony."  Id. at 11 (quoting Goland, 607 F.2d 339 at 372).

Unfortunately for the plaintiff, the one-year time limit for filing Rule 60(b) motions is not the only impediment to reconsideration of Judge Collyer's ruling in Lindsey.  To satisfy the requirements of Rule 60(b)(2), "the movant must demonstrate," inter alia, that "the newly discovered evidence is of facts that existed at the time of trial or other dispositive proceeding." Lightfoot v. District of Columbia, 555 F. Supp. 2d 61, 68 (D.D.C. 2008) (internal citation and quotation marks omitted) (Walton, J.); see also Epps v. Howe, 573 F. Supp. 2d 180, 185 (D.D.C. 2008) (same); Int'l Ctr. For Tech. Assessment v. Leavitt, 468 F. Supp. 2d 200, 206 (D.D.C. 2007) (same); Lans v. Gateway 2000, 110 F. Supp. 2d 1, 4 (D.D.C. 2000) (same); Am. Cetacean Soc'y v. Smart, 673 F. Supp. 1102, 1106 (D.D.C. 1987) (same).

Judge Collyer issued her memorandum opinion resolving the defendants' motion for summary judgment in the plaintiff's prior case on March 3, 2005, and issued an order to that effect that very same day.  But, as alleged by the plaintiff, Sergeant Proctor was not appointed to the Accelerant Canine Detection Handler position until November or December of 2005. Compl. ¶ 27.  The purported "newly discovered evidence" proffered by the plaintiff was therefore not "of facts that existed at the time of . . . [the] dispositive proceeding" in the plaintiff's case before Judge Collyer.  Consequently, there is no need for the Court to consider whether the circumstances in this case warrant permitting the extraordinary relief requested by

10

the plaintiff. Being unable to satisfy Rule 60(b) under any circumstances, the plaintiff's claims arising from his removal from the Accelerant Canine Detection Handler position must be dismissed on res judicata grounds.

B.      Claims Arising from the Plaintiff's Non-Selection in Late 2005

As the Court explained above, the plaintiff's non-selection for the position as an Accelerant Canine Detection Handler in late 2005 cannot resurrect his claims based on what occurred in 2002. But this conclusion does not foreclose all possible relief for the plaintiff, for if the plaintiff's non-selection occurred too late to comprise any part of the claims rejected in his prior lawsuit, then the converse is also true: any claims arising from the non-selection itself are not barred by Judge Collyer's decision in Lindsey, either. See Allen, 449 U.S. at 94 (holding that the doctrine of res judicata applies only to "issues that were or could have been raised" in the prior case). The plaintiff appears to realize this, as he argues at one point in his opposition to the defendant's motion for summary judgment that the defendant's selection of Sergeant Proctor for the canine handler position over the plaintiff is "a separate and distinct act of age discrimination." Pl.'s Opp'n at 16. And while the plaintiff's complaint is undeniably focused on his removal from the Accelerant Canine Detection Handler position in February of 2001, he nevertheless pleads sufficient facts in his complaint regarding his non-selection for that same position in November or December of 2005 to give rise to claims for age discrimination, negligence, and intentional infliction of emotional distress for that allegedly discriminatory event as well. See Compl. ¶ 27 (alleging that Sergeant Proctor was appointed as the Accelerant Canine Detection Handler upon DeSilva's removal); id. ¶ 47 (alleging that Sergeant Proctor was under 40 years of age at the time of his appointment).

The Court therefore concludes that the plaintiff's claims are not barred by the doctrine of res judicata insofar as they arise out of the plaintiff's non-selection for the Accelerant Canine Detection Handler position in late 2005.  While this ruling narrows the field of conduct for which the defendant can be held liable, it nevertheless preserves the plaintiff's right to advance his claims to the extent that they arise out of events that occurred months after the Court issued its memorandum opinion in the plaintiff's first case.  This result gives proper deference to the conclusions reached by Judge Collyer in the plaintiff's earlier case without immunizing the defendant from alleged discriminatory conduct that occurred after Judge Collyer rendered her decision.  The plaintiff's claims therefore survive the defendant's motion for judgment on the pleadings, although the scope of those claims is not what the plaintiff had hoped.

### IV. Conclusion

As "courts have often recognized, res judicata . . . relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication."  Allen, 449 U.S. at 415.  The approach advanced by the plaintiff in this case would thwart each of these salutary objectives.  At the same time, however, the judgment issued by this Court in 2005 was intended to shield the defendant from relitigating prior disputes, not enable the defendant to engage in future bad acts with impunity.  If the defendant truly discriminated against the plaintiff on the basis of age when it selected Sergeant Proctor for the Accelerant Canine Detection Handler position in late 2005, the plaintiff is entitled to have the claims arising from that discrimination addressed by this Court.  The Court will therefore grant in part and deny in part the defendant's motion for judgment on the pleadings and will dismiss the plaintiff's claims only insofar as they arise from his removal as the Accelerant Canine Detection Handler position in February of 2001.

**SO ORDERED** this 22nd day of April, 2009.[5]

REGGIE B. WALTON<br>
United States District Judge

---

[5] This memorandum opinion accompanies an earlier order issued by the Court (1) granting in part and denying in part the defendant's motion for judgment on the pleadings, (2) dismissing the plaintiff's claims insofar as they arise from the plaintiff's removal from the position of an Accelerant Canine Detection Handler in February of 2001, (3) directing the Clerk of the Court to schedule a status hearing in this case, and (4) specifying that the order would be stayed until the Court issued this memorandum opinion. Thus, the earlier order entered by the Court is no longer stayed as of the date of the issuance of this memorandum opinion.