**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                        )
HAROLD C. LINDSEY,                      )
                                        )
       Plaintiff,                  )
                                        )
    v.                             )      Civil Action No. 07-1939 (RBW)
                                        )
DISTRICT OF COLUMBIA,                   )
                                        )
       Defendant.                  )
_____)

**MEMORANDUM OPINION**

Plaintiff Harold C. Lindsey brings this action against the District of Columbia (the

"District") alleging age discrimination in connection with his employment as a Canine Handler

at the District of Columbia Fire and Emergency Medical Services Department (the "Fire

Department") in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.

§§ 621-34 (2006).  See Complaint ¶¶ 37-64.  On January 13, 2012, the District filed a motion in

limine arguing, among other things, that the ADEA does not grant the plaintiff the right to a jury

trial or permit him to recover liquidated damages or attorneys' fees from the District.  See

District of Columbia's Motion In Limine and Memorandum of Supporting Points & Authorities

at 5-6.  The Court rejected this argument and partially denied the District's motion in limine by

Order dated March 29, 2012.  See Order, Lindsey v. District of Columbia, No. 07-cv-1939

(D.D.C. March 29, 2012) (RBW) ("March 29, 2012 Order").  Currently before the Court is the

District's motion seeking relief from the Court's March 29, 2012 Order.  Upon careful

1

consideration of the parties' submissions,[1] the Court concludes for the following reasons that the District's motion must be denied.

## BACKGROUND

The ADEA contains two distinct enforcement schemes: one which applies to private, state, and local employers ("non-federal ADEA provisions"), and another that governs federal employers ("federal ADEA provision").  See Forman v. Small, 271 F.3d 285, 296 (D.C. Cir. 2001) (recognizing the dual enforcement schemes).  While the non-federal ADEA provisions grant aggrieved employees the right to a jury trial, and authorize the recovery of attorneys' fees and liquidated damages, the federal ADEA provision, codified at 29 U.S.C. § 633a, does not. See March 29, 2012 Order at 2-3.  Regarding the ADEA's applicability to the District, it is generally covered by the non-federal ADEA provisions, which treat the District as a state and thus a covered employer.  See 29 U.S.C. § 630(b), (i) (defining "employer" to include "a State" and defining "State" to include "the District of Columbia").  The federal ADEA provision does, however, apply to "employees . . . in those units in the government of the District of Columbia having positions in the competitive service."  Id. § 633a(a).

The issue raised by the District's motion in limine was whether the federal or non-federal ADEA provisions applied in this case (which, in turn, determined the plaintiff's entitlement to a jury trial, and his ability to recover attorneys' fees and liquidated damages from the District). See March 29, 2012 Order at 3.  The District argued that the federal ADEA provision applied

---

[1] In addition to the filings already identified, the Court considered the following submissions in rendering its decision: (1) the District of Columbia's Motion for Relief from March 29, 2012 Interlocutory Order Partially Denying Defendant's Motion In Limine and Memorandum of Supporting Authorities ("District's Mem."); (2) the Plaintiff's Opposition to Defendant's Motion for Relief from March 29, 2012 Interlocutory Order Partially Denying Defendant's Motion In Limine ("Pl.'s Opp'n"); and (3) the District of Columbia's Reply to Plaintiff's Opposition to Defendant's Motion for Relief from March 29, 2012 Interlocutory Order Partially Denying Defendant's Motion In Limine ("District's Reply").

because the plaintiff's position of Canine Handler at the Fire Department qualified as

employment "in those units in the government of the District of Columbia having positions in the

competitive service" within the meaning of 29 U.S.C. § 633a(a).  Id.  The plaintiff, on the other

hand, argued that the Canine Handler position was "'not a competitive service position but rather

an excepted service position because it is not open for outside competition.'"  Id. (citation

omitted).  Both parties' arguments focused on whether the Canine Handler position qualified as a

Career Service position in the District's Merit Personnel System, the underlying assumption

being that "the competitive service" language in § 633a(a) referred not to the federal

government's civil service system, but to the District's.  See id. at 4.

The Court rejected this assumption, holding that the "§ 633a's reference to 'the

competitive service' refers not to the District of Columbia's competitive service, but to the

federal government's."  Id.  As the Court reasoned,

> the section is titled "[n]ondiscrimination on account of age in Federal
> Government employment," and the particular subsection at issue is titled
> "[f]ederal agencies affected."  29 U.S.C. § 633a(a) (emphasis added).  And the
> Supreme Court has long recognized that § 633a is "a distinct statutory scheme
> applicable only to the federal sector."  Lehman[ v. Nakshian, 453 U.S. 166
> (1981)] (emphasis added).  Read in context, then, the phrase "the competitive
> service" as used in § 633a(a) plainly refers to the competitive service of the
> federal government, and thus only those employees of the District holding
> positions in the federal competitive service are covered by § 633a.  See Madison
> v. Barry, No. 80-1061, 1980 WL 222, *1 (D.D.C. Aug. 26, 1980) (dismissing
> District employee's claim under § 633a of the ADEA after finding that the
> employee "was not within the federal competitive service").  The District simply
> assumes, without any supporting legal analysis, that the "competitive service"
> language in § 633a refers to the District's own civil service system.  But if that
> position was correct, then § 633a would apply to any employee of the District of
> Columbia government who held a "Career Service" position as defined by the
> District Personnel Manual, regardless of that employee's connection to the federal
> government.  This interpretation of § 633a finds no support in either the statute's
> text or purpose.

Id.  The Court then concluded that Canine Handlers employed at the Fire Department were not

part of the federal competitive service, and consequently rejected the District's argument that the

plaintiff's ADEA claim was governed by § 633a.  Id. at 5.  Furthermore, because the District is a covered employer under the non-federal ADEA provisions, the Court held that those provisions applied here and that the plaintiff could "try his ADEA claim to a jury and seek liquidated damages and attorneys' fees against the District."  Id. at 5-6.

The District now moves for relief from the Court's March 29, 2012 Order, arguing that (1) § 633a(a) "unambiguously applies to units in the government of the District of Columbia having positions in the competitive service [because] the phrase 'federal competitive service' appears nowhere in the statute, and there is no basis to read the term 'federal' into the statute," and (2) the Fire Department "is a unit of the District of Columbia having positions in the competitive service."  District's Mem. at 1 (emphasis in original).

## DISCUSSION

Federal Rule of Civil Procedure 54(b) provides that "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  This rule "recognizes [the district court's] inherent power to reconsider an interlocutory order 'as justice requires.'"  Capitol Sprinkler Inspection, Inc. v. Guest Servs. Inc., 630 F.3d 217, 227 (D.C. Cir. 2011) (citing Greene v. Union Mut. Life Ins. Co. of Am., 764 F.2d 19, 22-23 (1st Cir. 1985) (Breyer, J.) ("[T]he district judge is in the best position to assess whether or not 'justice requires' [reconsideration].")).  "The term '[a]s justice requires' indicates concrete considerations' by the court, such as 'whether the court patently misunderstood the parties, made a decision beyond the adversarial issues presented, made an error in failing to consider controlling decisions or data, or whether a controlling or significant change in the law has occurred.'"  Negley v. FBI, 825 F. Supp. 2d 58, 60 (D.D.C. 2011) (citations omitted).  "In the final analysis, the district court must ask whether relief upon

reconsideration is 'necessary under the relevant circumstances.'" <u>North v. DOJ</u>, 810 F. Supp. 2d 205, 207 (D.D.C. 2011) (citation omitted).

Because the parties' previous briefing failed to adequately address which set of ADEA provisions governs this case, the Court arguably "made a decision beyond the adversarial issues presented," <u>Negley</u>, 825 F. Supp. 2d at 60, when it determined in its March 29, 2012 Order that the non-federal ADEA provisions apply here.  The Court therefore deems it appropriate to address the merits of the District's arguments urging reconsideration of that Order.

**A.      The Meaning of "the Competitive Service" in 29 U.S.C. § 633a(a)**

The District claims that this Court erred in its March 29, 2012 Order by reading in the word "federal" before the phrase "competitive service" in § 633a(a) of the ADEA.  District's Mem. at 6-7.  This reading of the statute, the District contends, conflicts with "prevailing principles of statutory interpretation" because Congress did not include the word "federal" in the provision.  <u>Id.</u> at 7.  The Court finds the District's position meritless for several reasons.

At bottom, the District misapprehends the legal significance of the statutory phrase "the competitive service."  This misunderstanding may be attributable in part to the terminology used in the Court's March 29, 2012 Order.  In that Order, the Court repeatedly distinguished between the competitive civil services of the federal government and the District by referring to them as the "federal competitive service" and the "District of Columbia's competitive service," respectively.  <u>E.g.</u>, March 29, 2012 Order at 4.  On closer analysis, however, the Court finds that its usage of the phrase "federal competitive service" was redundant and possibly confusing.  Namely, there is no need for the "federal" modifier because "the competitive service" is a term of art in the United States Code that necessarily refers to the federal government's civil service system.  This conclusion follows from the very "principles of statutory interpretation" that the District argues support its position.

"The first step in statutory interpretation is, of course, an analysis of the language itself."

Am. Mining Cong. v. EPA, 824 F.2d 1177, 1183 (D.C. Cir. 1987).  Section § 633a(a) of the

ADEA, titled "Federal agencies affected," provides in its entirety:

> All personnel actions affecting employees or applicants for employment who are
> at least 40 years of age (except personnel actions with regard to aliens employed
> outside the limits of the United States) in military departments as defined in
> section 102 of Title 5, in executive agencies as defined in section 105 of Title 5
> (including employees and applicants for employment who are paid from
> nonappropriated funds), in the United States Postal Service and the Postal
> Regulatory Commission, in those units in the government of the District of
> Columbia having positions in the competitive service, and in those units of the
> judicial branch of the Federal Government having positions in the competitive
> service, in the Smithsonian Institution, and in the Government Printing Office, the
> Government Accountability Office, and the Library of Congress shall be made
> free from any discrimination based on age.

29 U.S.C. § 633a(a) (emphasis added).  The ADEA does not define "the competitive service."

See 29 U.S.C. §§ 621-34.  That phrase is, however, defined by a section of the Civil Service

Reform Act of 1978 ("CSRA").[2]  See 5 U.S.C. § 2102 (section titled "The competitive service").

This statute provides in pertinent part:

> (a) The "competitive service" consists of—
>
> > (1) all civil service positions in the executive branch, except—[positions
> > not relevant here] . . .

_____

[2] "The CSRA 'established a comprehensive system for reviewing personnel action taken against federal
employees.'"  Elgin v. Dep't of Treasury, __ U.S. __, __, 132 S. Ct. 2126, 2130 (2012) (quoting United States v.
Fausto, 484 U.S. 439, 455 (1988)).  The Act

> divides civil service employees into three main categories.  Fausto, 484 U.S. at 441 n.1.  "Senior
> Executive Service" employees occupy high-level positions in the Executive Branch but are not
> required to be appointed by the President and confirmed by the Senate.  5 U.S.C. § 3131(2).
> "[C]ompetitive service" employees . . . are all other Executive Branch employees whose
> nomination by the President and confirmation by the Senate are not required and who are not
> specifically excepted from the competitive service by statute.  § 2102(a)(1).  The competitive
> service also includes employees in other branches of the Federal Government and in the District of
> Columbia government who are specifically included by statute.  § 2102(a)(2)-(3).  Finally,
> "excepted service" employees are employees who are not in the Senior Executive Service or in the
> competitive service.  § 2103.

Id. at __, 2130 n.1.

(2) civil service positions not in the executive branch which are specifically included in the competitive service by statute; and

(3) positions in the government of the District of Columbia which are specifically included in the competitive service by statute.

Id.

The Supreme Court has explained that when "'a word is obviously transplanted from another legal source, whether the common law or other legislation, it brings the old soil with it.'" Evans v. United States, 504 U.S. 255, 260 n.3 (1992) (citation omitted and emphasis added); see also Greenwood Trust Co. v. Massachusetts, 971 F.2d 818, 827 (1st Cir. 1992) ("It is . . . a general rule that when Congress borrows language from one statute and incorporates it into a second statute, the language of the two acts should be interpreted the same way." (citing Morales v. Trans World Airlines, Inc., 504 U.S. 374, 384 (1992) & Oscar Mayer & Co. v. Evans, 441 U.S. 750, 756 (1979)); cf. Taniguchi v. Kan Pac. Saipan, Ltd., __ U.S. __, __, 132 S. Ct. 1997, 2002 (2012) (indicating that, when determining the meaning of a statutory term, a court should consider both the statute itself and "any other relevant statutory provision").  Here, the phrase "the competitive service" is a term of art used at various points throughout the United States Code that Congress presumably intended to have a uniform meaning.  In the absence of a separate statutory definition of the term within the ADEA, and given its distinct phraseology, the Court concludes that "the competitive service" referenced in 29 U.S.C. § 633a(a) is the same "competitive service" defined in 5 U.S.C. § 2102.  The Court accordingly adheres to its view that § 633a applies only to employees holding competitive service positions within the meaning of 5 U.S.C. § 2102.  See March 29, 2012 Order at 4-5.

This reading of § 633a(a) makes sense in the context of the statutory scheme.  See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 558 (2005) ("Ordinary principles of statutory construction . . . . [require] examin[ation of a] statute's text in light of context,

structure, and related statutory provisions."). As the Court noted in its March 29, 2012 Order, §

633a "is titled '[n]ondiscrimination on account of age in <u>Federal Government</u> employment,' and

the particular subsection at issue is titled '[f]ederal agencies affected.'" March 29, 2012 Order at

4 (quoting 29 U.S.C. § 633a(a)) (emphasis in original). "And the Supreme Court has long

recognized that § 633a is 'a distinct statutory scheme <u>applicable only to the federal sector</u>.'" <u>Id.</u>

(quoting <u>Lehman</u>, 453 U.S. at 166) (emphasis in original). In view of § 633a's express intent to

cover only <u>federal</u> employees, it is only logical to conclude that the statute incorporates the

<u>federal</u> definition of "the competitive service" set forth at 5 U.S.C. § 2102. This interpretation of

the statute is further supported by another clause in § 633a(a), which extends coverage of § 633a

to employees "in those units of the judicial branch of the Federal Government having positions

in the competitive service." 29 U.S.C. § 633a(a). This clause, like the clause at issue here, does

not include the word "federal" before the term "competitive service." However, context dictates

that § 633a(a) is intended to cover employees of the <u>federal</u> judiciary who hold positions in the

competitive service of the <u>federal</u> government as defined by 5 U.S.C. § 2102—after all, what

other "competitive service" could these employees possibly be included in? And the fact that

Congress used the same "competitive service" language with respect to employees of both the

federal judiciary and the District bolsters the conclusion that § 633a applies only to District

employees holding competitive service positions within the meaning of 5 U.S.C. § 2102. <u>See</u>

<u>Smith v. United States</u>, 508 U.S. 223, 233 (1993) ("'A provision that may seem ambiguous in

isolation is often clarified by the remainder of the statutory scheme . . . because the same

terminology is used elsewhere in a context that makes its meaning clear.'" (citation omitted)).

    The Court's reading of § 633a(a) of the ADEA also comports with the District of

Columbia Circuit's interpretation of identical language in Title VII of the Civil Rights Act. <u>See</u>

<u>Torre v. Barry</u>, 661 F.2d 1371, 1374-75 (D.C. Cir. 1981). Title VII, like the ADEA, has

different sets of provisions that govern federal and non-federal employees.  See id. at 1374.  And

the Title VII provision governing federal employees mirrors the language of § 633a(a) of the

ADEA.  Compare Title VII, 42 U.S.C. § 2000e-16(a) ("All personnel actions affecting

employees or applicants for employment . . .  in those units of the Government of the District of

Columbia having positions in the competitive service . . . shall be made free from any

discrimination."), with ADEA, 29 U.S.C. § 633a(a) (same).  In Torre, the Circuit determined that

the federal-sector provision of Title VII does not apply to employees of the District's Fire

Department.  See 661 F.2d at 1374-75.  In so holding, the court recognized that "the competitive

service" language in § 2000e-16(a) refers to the civil service of the federal government.  See id.

(relying on the Federal Personnel Manual in determining that the plaintiff's position with the

District government was "not in the competitive service").

The District attempts to distinguish Torre by arguing that it concerned Title VII rather

than the ADEA, District's Mem. at 9, but the Circuit has held that the federal-sector provisions

of Title VII and the ADEA should be given uniform interpretation due to their identical wording,

see Forman, 271 F.3d at 297 ("Sections 633a and 2000e-16 use identical language in creating a

cause of action for federal employees under the ADEA and Title VII, respectively, and thus

should be interpreted consistently.  Indeed, the Supreme Court has noted that § 633a, as finally

enacted, is 'patterned directly after [§ 2000e-16] of the Civil Rights Act of 1964, which extend

Title VII protections to federal employees.'" (quoting Lehman, 453 U.S. at 167 n.15) (emphasis

added)).  The District also contends that Torre is inapposite because it examined whether

employees of the Fire Department were within the competitive service, while § 633a(a) of the

ADEA focuses on whether the employer is a "unit in the government of the District of Columbia

having positions in the competitive service."  District's Mem. at 9.  Yet the Circuit has, in the

Title VII context, explicitly rejected the argument that "the phrase 'having positions in the

competitive service,'" refers to "the governmental units that are covered," rather than "the employees within those units."  Lawrence v. Staats, 640 F.2d 427, 431 (D.C. Cir. 1981).  As the court explained, "the clear weight of the legislative history supports the narrow view that Congress only intended [Title VII] to apply to competitive service employees."  Id. (emphasis added).  There being no contrary legislative history highlighted by the District, the Circuit's rationale from Lawrence applies with equal force in the ADEA context.  See Forman, 271 F.3d at 297.  Indeed, a former member of this Court employed similar reasoning in an ADEA case that pre-dated Lawrence.  See Madison v. Barry, No. 80-1061, 1980 WL 222, at *2 (D.D.C. Aug. 26, 1980) (rejecting the plaintiff's "unpersuasive argument that although her own position [was] not in the competitive service," the federal ADEA provision nonetheless applied because her employer, "the D.C. Public Schools," had "some employees in the federal competitive service"; reasoning that this "argument strains the scope of that section beyond the limits set by its language and manifest intent").

Tellingly, the District makes no attempt to offer a coherent, alternative interpretation of § 633a(a) of the ADEA.  It instead assumes that the "the competitive service" language in § 633a(a) refers to "Career Service" employees in the District's Merit Personnel System, while providing no analysis supporting this construction of the statute.  See District's Mem. at 8.  This lack of substantiation is not surprising, given that the District's interpretation ignores the distinct significance of the phrase "the competitive service" under federal law, and considering that no statute, either of the United States or the District, refers to the District's Merit Personnel System as "the competitive service."  Moreover, if the District's position was correct, "§ 633a would apply to any employee of the District of Columbia government who held a 'Career Service' position as defined by the District Personnel Manual, regardless of that employee's connection to

the federal government."  March 29, 2012 Order at 4.  "This interpretation of § 633a finds no

support in either the statute's text or purpose."  Id.

Simply put, if Congress wanted to extend § 633a of the ADEA to "Career Service"

employees within the District's Merit Personnel System, it would have said so in the statute.  It

did not.  Rather, it extended § 633a to District employees holding positions in "the competitive

service," which is a statutory term of art defined at 5 U.S.C. § 2102.  The District's position must

therefore be rejected.[3]

**B.      Whether Employees of the Fire Department Hold Positions in the Competitive
         Service**

As noted, 5 U.S.C. § 2102(a)(3) defines "the competitive service" to include "positions in

the government of the District of Columbia which are specifically included in the competitive

service by statute."  In its March 29, 2012 Order, the Court found that no statute specifically

included employees of the Fire Department in the competitive service, and that the federal

ADEA provision thus did not govern the plaintiff's claims.  See March 29, 2012 Order at 5-6.

In its opening brief, the District contends that the federal ADEA provision applies here

because the Fire Department is a unit in the District government that has Career Service

positions in the District's Merit Personnel System.  See District's Mem. at 7-10.  But as the

Court has already explained, this argument is flawed in two respects: first, "the competitive

service" language in § 633a(a) could not reasonably be construed to refer to the District's Merit

Personnel System; and second, the Circuit has made clear that the phrase "having positions in the

competitive service" concerns the status of the employee, not the employer.  See supra at 5-10.

---

[3] The District also relies upon Kennedy v. Whitehurst, 690 F.2d 951 (D.C. Cir. 1982), as support for its
interpretation of § 633a(a).  See District's Reply at 3.  However, the District's reliance on this case is unavailing for
the reasons set forth in the Court's prior Order.  See March 29, 2012 Order at 4 n.5.

The District advances a new argument in its reply brief, claiming that § 5-402(a) of the D.C. Code specifically includes employees of the Fire Department in the competitive service within the meaning of 5 U.S.C. § 2102.  See District's Reply at 4-6.  However, because the District raised this argument for the first time in its reply brief, it is waived.[4]  See In re Asemani, 455 F.3d 296, 300 (D.C. Cir. 2006) ("Asemani's first argument . . . is waived because it was made for the first time in his reply brief."); accord Carter v. George Washington Univ., 387 F.3d 872, 883 (D.C. Cir. 2004); City of Waukesha v. EPA, 320 F.3d 228, 250 n.22 (D.C. Cir. 2003); Steel Joist Inst. v. OSHA, 287 F.3d 1165, 1166 (D.C. Cir. 2002).

Since the District has failed to identify any basis for reconsideration of the Court's prior ruling, the Court adheres to its conclusion that the plaintiff's job with the District's Fire Department was not a position in "the competitive service" within the meaning of 5 U.S.C. § 2102, and that the federal ADEA provision, 29 U.S.C. § 633a, consequently does not apply in this case.  See March 29, 2012 Order at 5.

## C.    Whether the District is a Covered Employer under the Non-federal ADEA Provisions

The District also challenges this Court's ruling that the non-federal ADEA provisions apply to the District because it is treated as a state and therefore a covered employer under those

---

[4] Even if the Court were to consider the District's now-waived argument, it is doubtful that the Court would find that argument meritorious.  First and foremost, it is unclear that a District employee could be included in the competitive service of the federal government by a District of Columbia statute.  Indeed, given the authority of the federal government to control its own civil service, it is likely that only a federal statute could include District employees in the competitive service.  The statutory language is not clear one way or the other on this point.  See 5 U.S.C. § 2102(a)(3).  Second, the provision of the D.C. Code highlighted by the District does not purport to include employees of the Fire Department in the competitive service.  The statute provides in pertinent part that "all officers, members, and civilian employees of [the Fire] Department, except the Fire Chief and Deputy Fire Chiefs, shall be appointed and promoted in accordance with [various provisions] of Title 5, United States Code, and the rules and regulations made in pursuance thereof, in the same manner as members of the classified civil service of the United States, except as herein otherwise provided."  D.C. Code § 5-402(a) (2008).  This provision establishes only that Fire Department employees "shall be appointed and promoted in accordance with" the federal civil service laws "in the same manner" as employees in the federal civil service, id. (emphasis added); it does not "specifically include[]" those employees in the competitive service of the federal government as set forth in 5 U.S.C. § 2102(a)(3).

provisions.  <u>See</u> March 29, 2012 Order at 4-5 (citing 29 U.S.C. § 630(b), (i) (defining

"employer" to include "a State" and defining "State" to include "the District of Columbia")).

According to the District, "this particular provision of the ADEA has marginal relevance because

it has remained unchanged since the ADEA's first enactment."  District's Mem. at 10.  The

Court disagrees.  Far from being marginally relevant, the provision directly answers the question

of whether the non-federal ADEA provisions apply to the District.  And the Court will not ignore

a controlling statutory provision simply because, seemingly in the District's view, it is outdated.

**CONCLUSION**

For the foregoing reasons, the District's motion seeking relief from the Court's March 29,

2012 Order is denied.

**SO ORDERED** this 25th day of July 2012.[5]

REGGIE B. WALTON
United States District Judge

---

[5] The Court will contemporaneously issue an Order consistent with this Memorandum Opinion.